PEOPLE ex rel. D'AMATO v. ROMAN CATHOLIC HOUSE OF GOOD SHEPHERD.

(Supreme Court, Special Term, New York County. November, 1899.)

1. REFORMATORIES—COMMITMENT WITHOUT NOTICE TO PARENT.
   The provisions of Pen. Code, § 291, relating to the commitment of children to reformatories on notice to parents, cannot be read into the provisions of Laws 1886, c. 353, providing for the commitment of females over a certain age, and not requiring notice to parents, since the two acts are not in pari materia.

2. SAME.
 The commitment of a female under Laws 1886, c. 353, providing for the commitment of females over a definite age in certain places of detention, is valid without notice to her father.

Habeas corpus by the people, on the relation of Annie D'Amato, against the Roman Catholic House of Good Shepherd. Dismissed.

Charles A. Watson, for relator.

De Lancey Nicoll (Cornelius J. Sullivan, of counsel), for respondent.

GIEGERICH, J. The contention that the commitment was invalid, because not made on notice to the father of the relator, is found to be without force. The commitment was made under chapter 353 of the Laws of 1886, and under that statute no notice to parents was required. The provisions of section 291 of the Penal Code, relating to the commitment of children on notice to either parent, guardian, or custodian, cannot be read into the statute in question, since the two enactments are not found to be in pari materia. Under the law of 1886 the commitment of females over a definite age only is provided for, not the commitment of children generally, as under the Penal Code; and the places of detention, within the discretion of the magistrate, are of a different nature under these different statutes. It is well to be inferred that the legislature considered notice to the parents expedient in the cases covered generally by this section of the Penal Code, while deeming such notice unnecessary to a proper commitment under the special law, and I conclude therefore that the commitment as made was valid. There is nothing in the papers to disclose the fact that the relator is a married woman, if such is the fact, and I must determine the matter upon the record before me.

Writ dismissed, and relator remanded.